George Haines, Esq.
FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123
702.880.5554  ext. 222
Efax: 702.967.6666
Email: ghaines@freedomlegalteam.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| ALFREDO SALAZAR,<br><br>                    Plaintiff,<br>       v.<br><br>BACKGROUNDCHECKS.COM,<br><br>                    Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

1

2.     This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3.     Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, the State of Nevada and because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue is also proper because, the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Early Warning has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## **PARTIES**

4.     Plaintiff is a natural person residing in the County of Clark, State of Nevada.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.     Defendant Backgroundchecks.com ("Background") is a corporation with its principal place of business in Texas which does business in Nevada.  Background compiles its consumer reports based on information it receives from numerous third parties, including, *inter alia*, Genuine Data Services, Inc., ("Genuine"), a criminal data aggregator.  Background makes these consumer reports available for purchase on the internet by anyone for, *inter alia*, employment screening purposes.  As such, Background is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

6.     Unless otherwise indicated, the use of Background's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## FACTUAL ALLEGATIONS

### *General Statutory Background*

7.     The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

8.     The FCRA protects consumers through a tightly wound set of protections from the material risk of harms that otherwise flow from inaccurate reporting.  Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

### COUNT 1
#### FAILURE TO PROVIDE CLEAR AND ACCURATE DISCLOSURES
#### [In violation of 15 U.S.C. § 1681g(a)(1)]

9.     Plaintiff incorporates and realleges each of the preceding paragraphs as though stated fully herein.

10. The FCRA entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "All information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[1] Disclosure of complete information in a consumer's file permits the consumer to determine whether any information is inaccurate, as well as protect a consumer's privacy. *See* 15 U.S.C. § 1681a(d)(2)(A)(iii); 1681b(c).

11. Specifically, and pursuant to Section 1681g, when a CRA discloses to a consumer that consumer's file, the disclosure must "clearly and accurately" reflect all the information in that consumer's file at the time of the disclosure. 15 U.S.C. § 1681g(a)(1); *Ramirez v. TransUnion LLC*, --- F.3d ----, 2020 WL 946973, at *15-16 (9th Cir. Feb. 27, 2020). Information which is either unclear or inaccurate violates the statute and creates liability. *See Leoni v. Experian Information Solutions, Inc.*, No. 17-cv-1408-RFB-VCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019).

12. The Ninth Circuit evaluates the clarity and accuracy of a disclosure by recourse to how an average consumer would view them. *See Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749 (9th Cir. 2018). "File," is explicitly defined in the FCRA, and when applied to consumers, means, "all of the information on that consumer and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g).

13. The Ninth Circuit has defined "file" as all information the CRA maintains on a consumer that has been, or might be, included in a consumer report on that consumer. *See Shaw*, 891 F.3d at 759-60. Disclosure also furthers the FCRA's privacy policies, by providing a

---

[1] This requirement is subject to exceptions in Sections 1681h(a)(1) and 1681g(a)(1)(A)-(B), which are not relevant here.

consumer the opportunity to police their reported information for fraud, and to determine whether that consumer should exercise their rights to refuse to permit a company to share data between its affiliate companies, and to opt out of receipt of promotional mailings. *See* 15 U.S.C. §§ 1681a(d)(2)(A)(iii); 1681b(c).

14.     On or about September 23, 2019, Plaintiff obtained his consumer disclosure from Background, identified by Report ID # 261178377 ("Background Disclosure"). On the face of the Background Disclosure, Plaintiff identified over 70 public records. These included inaccurately reported criminal offenses that did not apply to him in any respect, such as: (1) Forgery in the State of Washington; (2) Battery with Serious Bodily Injury in Stanislaus County, CA; (3) Battery Spouse Stanislaus County, CA; (4) OVI (IMP) 1st offense Butler County OH; (5) Terroristic Threat Panola County, TX; and (6) DWI Fort Bend County, TX, among many others.

15.     Some of the other information was impossible to decipher.

16.     For example, on one of the criminal records from Cook County, IL, Background indicated that Salazar was subject to 1994 offense of "Unspecified," with a "QQ" "Degree Of Offense," which carried a minimum sentence of "1M." This information was so unclear that Salazar had no idea what the actual offense referred to.

17.     Another example can be found in a 1987 Los Angeles County that Background once again listed as an "Unspecified" offense, which Background characterized as a "Criminal Felony." Even though Background reported that Plaintiff was guilty of a felony offense— which he wasn't—Background failed to specify the offense. This information was so unclear that Salazar had no idea what the actual offense referred to.

18.   There are several more examples of Background's failure to clearly disclose to Plaintiff the information it was maintaining about him.  This is particularly the case where, as here, upon information and belief, this criminal history was information that Background published to third-parties.

19.   Background's continued inaccurate reporting of the criminal history, in light of its knowledge of the actual errors and omissions was willful.  Indeed, regarding the erroneous criminal history, Plaintiff disputed this information, on the face of the Background Disclosure and Reinvestigation, Background admitted that the information that it was reporting was subject to inaccuracy.  In other words, Background expressly acknowledged that its reporting was likely in accurate, but chose to report it in reckless disregard for what it knew was likely to include inaccurate information. Plaintiff is, accordingly, eligible for statutory damages.

20.   Background's failures under subsection 1681g(a)(1) are at least negligent.  Background had a duty to clearly and accurately disclose all the information in Plaintiff's consumer file, each of which Background breached as discussed above.

21.   Background's breaches in each instance were the proximate and actual cause of Plaintiff's actual damages in the form of informational injury.  This injury is a form of actual damage to Plaintiff because it deprived him of the ability to meaningfully dispute inaccurate and incomplete information otherwise reporting in her consumer file at Background.

22.   This damage may be measured by a person's willingness to pay to avoid the result here: suppression of their positive payment performance.

23.   This damage may also be measured by Plaintiff's loss of enjoyment from otherwise receiving the credit he would have had, if Background had not used completely useless

terms like "Unspecified" to describe criminal records Background also associated with felonies, for example.

24. Background's decision to make these inaccurate, incomplete, and misleading disclosures has deprived Plaintiff of information she was entitled to receive under 15 U.S.C. § 1681g(a).  As such, she lost a benefit conferred on her by Congress, which cannot be replaced.

25. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.  See 15 U.S.C. §§ 1681n, 1681o.

### COUNT 2
**FAILURE TO REASONABLY REINVESTIGATE**
**[In violation of 15 U.S.C.  §  1681i(a)(1)-(6)]**

26. Plaintiff incorporates and realleges each of the preceding paragraphs as though stated fully herein.

27. Under Section 1681i(a), a consumer may dispute any inaccurate item of information contained in their file by notifying the reporting agency of the inaccuracy.

28. On or about September 23, 2019, Plaintiff obtained his consumer disclosure from Background, identified by Report ID # 261178377 ("Background Disclosure").  On the face of the Background Disclosure, Plaintiff identified over 70 incorrectly reported public records that included inaccurately reported criminal offenses that did not apply to him in any respect, such as: (1) Forgery in the State of Washington; (2) Battery with Serious Bodily Injury in Stanislaus County, CA; (3) Battery Spouse Stanislaus County, CA; (4) OVI  (IMP) 1st offense Butler County OH; (5) Terroristic Threat Panola County, TX; and (6) DWI Fort Bend County, TX, among many others.

29. After receipt of the Background Disclosure, on or about November 1, 2019, pursuant to 15 U.S.C. § 1681i(a)(1)(A), Plaintiff disputed Background's reported information regarding misreported public record information identified above.

30. Specifically, Plaintiff mailed a written dispute, certified, return receipt to Background, requesting the disputed inaccurate and incorrect derogatory information be removed, corrected, or deleted ("Background Dispute Letter").

31. Background received Plaintiff's dispute, because it acknowledged the same in a December 19, 2019 letter to Plaintiff.

32. Upon information and belief, upon receiving the Background Dispute Letter, Background timely notified the public records furnishers of the dispute based on its mandated statutory duty pursuant to 15 U.S.C. § 1681i(a)(2).

33. Background was required to conduct an investigation pursuant to 15 U.S.C. § 1681i, and to respond to her dispute within either 30 or 45 days, as required under Section 1681i(a)(3) or (6).

34. On or about December 19, 2019, Plaintiff received notification from Background through its "reinvestigation" ("Background Report No. 261178377") that Background received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6), and verified the disputed information as "Updated".

35. Had Background engaged in a reasonable reinvestigation, it would have determined that none of the public records in dispute were accurately attributed to Plaintiff.  After all, when he sent his Background Dispute Letter to Background, Plaintiff included a copy of his Nevada Driver's License, and identified himself by reference to his Social Security Number, his birthdate, and current address; each of these were sufficient cross-reference

data by which Background should have confirmed that *none* of the public record information it was reporting belonged to Plaintiff.

36.    However, several of the public records for traffic citations were still reporting on the face of the Background Reinvestigation, as was the DWI offense reporting from Fort Bend County, TX.

37.    Background failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i(a), and wrongly verified inaccurate information in connection with Plaintiff's consumer report.

38.    Background failed to review all relevant information provided by Plaintiff in the dispute to Background, as required by and in violation of 15 U.S.C. § 1681i(a)(4).

39.    Due to Background's failure to reasonably reinvestigate Plaintiff's dispute, Background further failed to correct and update Plaintiff's information, thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. §§ 1681e(b) and 1681i(a), respectively.

40.    Additionally, upon information and belief, Background provided third-parties with consumer reports about Plaintiff that included the disputed criminal history that did not belong to Plaintiff.

41.    Background's continued inaccurate reporting of the criminal history, in light of its knowledge of the actual errors and omissions was willful.  Indeed, regarding the erroneous criminal history, Plaintiff disputed this information, on the face of the Background Disclosure and Reinvestigation, Background admitted that the information that it was reporting was subject to inaccuracy.  In other words, Background expressly acknowledged that its reporting was likely in accurate, but chose to report it in reckless disregard for what

it knew was likely to include inaccurate information. Plaintiff is, accordingly, eligible for statutory damages.

42.     Thus, Background's failures under subsection 1681i(a) at least negligent.  Background had a duty to reasonably reinvestigate, follow procedures designed to assure maximum possible accuracy, and clearly and accurately disclose all the information in Plaintiff's consumer file, each of which Background breached as discussed above. Plaintiff's efforts to correct Background's incomplete and inaccurate reporting were fruitless resulting in this suit.

43.     Background's breaches in each instance were the proximate and actual cause of Plaintiff's actual damages in the form of informational injury.  This injury is a form of actual damage to Plaintiff because it deprived Plaintiff of the ability to meaningfully dispute inaccurate and incomplete information otherwise reporting in his consumer file at Background.

44.     This damage from Background's actions may be measured by a person's willingness to pay to avoid the result here: suppression of their positive payment performance.

45.     This damage may also be measured by Plaintiff's loss of enjoyment from otherwise receiving the credit she would have based upon her timely performance under the terms of her mortgage loan, which as it applies to her credit standing, constitutes a significant counterweight to the derogatory though otherwise accurate public record reporting of her bankruptcy.

46.     Background's continued inaccurate reporting of the criminal history, in light of its knowledge of the actual errors and omissions was willful.  Indeed, regarding the erroneous criminal history, Plaintiff disputed this information, on the face of the Background Disclosure and Reinvestigation, Background admitted that the information that it was reporting was subject to inaccuracy.  In other words, Background expressly acknowledged

that its reporting was likely in accurate, but chose to report it in reckless disregard for what it knew was likely to include inaccurate information. Plaintiff is, accordingly, eligible for statutory damages.

47.    As a result of Background's continued incomplete and inaccurate reporting of Plaintiff's criminal background—which was inaccurate in its entirety—Plaintiff has suffered actual damages, including without limitation issues regarding credit standing, out-of-pocket expenses in challenging the Defendants' wrongful omissions, lost time required to dispute this information, damage to Plaintiff's creditworthiness, and informational injury.

48.    Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.  See 15 U.S.C. §§ 1681n, 1681o.

## COUNT 3
### FAILURE TO MAINTAIN PROCEDURES REASONABLY DESIGNED TO ASSURE MAXIMUM POSSIBLE ACCURACY
### [In violation of 15 U.S.C.  §  1681e(b)]

49.    Plaintiff incorporates and realleges each of the preceding paragraphs as though stated fully herein.

50.    As part of its affirmative obligations to assure the accuracy of its reported data, the consumer reporting agencies are required to adopt "reasonable procedures designed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

51.    A reporting agency need not *publish* a consumer report to a third party; rather, it is satisfied where an agency makes consumer reports available for third parties to acquire, regardless of whether a consumer can prove that a consumer report was ever published to a third party. *Ramirez*, 2020 WL 946973, at *12.

52.    Here, Background violated Section 1681e(b) in at least several material respects.  Note that Plaintiff informed Background that it had nearly 70 inaccurate criminal records reporting for Plaintiff.  Note also, the fact that Background deleted most of that disputed information. Accordingly, it was on notice that it had compiled patently inaccurate information about Plaintiff in the form of the criminal records.

53.    Despite this, Background reported new and also patently incorrect criminal record information about Plaintiff.

54.    For example, on one of the criminal records from Brazoria County TX, Background indicated that Salazar was subject to 2014 offense of "POSS CS PG <1G".  Background also reported that this offense was an "Adult Felony."  This information was so unclear that Salazar had no idea what the actual offense referred to.  This information was also patently incorrect because Salazar has no such criminal history.

55.    Another example can be found in an offense in San Bernardino County that Background listed as "I22356(B) VC" offense.  This information was so unclear that Salazar had no idea what the actual offense referred to.  This information was also patently incorrect because Salazar has no such criminal history.

56.    Accordingly, Background failed to maintain reasonable procedures designed to assure maximum possible accuracy when it failed to identify this information as inaccurate.  This is particularly so, given that Background was on notice of Plaintiff's dispute regarding the same items of information.

57.    Background's continued inaccurate reporting of the criminal history, in light of its knowledge of the actual errors and omissions was willful.  Indeed, regarding the erroneous criminal history, Plaintiff disputed this information, on the face of the Background

Disclosure and Reinvestigation, Background admitted that the information that it was reporting was subject to inaccuracy. In other words, Background expressly acknowledged that its reporting was likely in accurate, but chose to report it in reckless disregard for what it knew was likely to include inaccurate information. Plaintiff is, accordingly, eligible for statutory damages.

58.  Thus, Background's failures under subsection 1681e(b) are at least negligent. Background had a duty to use policies and procedures reasonably designed to assure maximum possible accuracy, and clearly and accurately disclose all the information in Plaintiff's consumer file, each of which Background breached as discussed above. Plaintiff's efforts to correct Background's incomplete and inaccurate reporting were fruitless resulting in this suit.

59.  Background's breaches in each instance were the proximate and actual cause of Plaintiff's actual damages in the form of informational injury. This injury is a form of actual damage to Plaintiff because it deprived Plaintiff of the ability to meaningfully dispute inaccurate and incomplete information otherwise reporting in his consumer file at Background.

60.  This damage from Background's actions may be measured by a person's willingness to pay to avoid the result here: suppression of their positive payment performance.

61.  This damage may also be measured by Plaintiff's loss of enjoyment from otherwise receiving the credit she would have based upon her timely performance under the terms of her mortgage loan, which as it applies to her credit standing, constitutes a significant counterweight to the derogatory though otherwise accurate public record reporting of her bankruptcy.

62.  Background's continued inaccurate reporting of the criminal history, in light of its knowledge of the actual errors and omissions was willful. Indeed, regarding the erroneous

criminal history, Plaintiff disputed this information, on the face of the Background Disclosure and Reinvestigation, Background admitted that the information that it was reporting was subject to inaccuracy.  In other words, Background expressly acknowledged that its reporting was likely in accurate, but chose to report it in reckless disregard for what it knew was likely to include inaccurate information. Plaintiff is, accordingly, eligible for statutory damages.

63.     As a result of Background's continued incomplete and inaccurate reporting of Plaintiff's criminal background—which was inaccurate in its entirety—Plaintiff has suffered actual damages, including without limitation issues regarding credit standing, out-of-pocket expenses in challenging the Defendants' wrongful omissions, lost time required to dispute this information, damage to Plaintiff's creditworthiness, and informational injury.

64.     Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.  See 15 U.S.C. §§ 1681n, 1681o.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1) (all counts);

- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1) (all counts);

- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2) (all counts);

- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA (all counts); and

14

- any other relief the Court may deem just and proper (all counts).

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 10, 2020

Respectfully submitted,

/s/ *George Haines, Esq.*
George Haines, Esq.
FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave., Suite 350
Las Vegas, NV 89123

Matthew I. Knepper, Esq.
Miles N. Clark, Esq.
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700

Attorneys for Plaintiff